### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 | |
| *Plaintiff,* | CIVIL ACTION NO. 21-2808 |
| v. | **COMPLAINT** |
| UNITED STATES FOREST SERVICE 201 14th St SW, Washington, DC 20227 | |
| *Defendant.* | |

### PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of Agriculture (USDA), U.S. Forest Service (USFS) to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to violence and threats of violence against USFS employees that occurred in calendar years 2019 and 2020.

2. PEER submitted two FOIA requests in April 2020 and June 2021 seeking records from the previous calendar years relating to violence and threats of violence against USFS employees. PEER's two FOIA requests referenced and built upon information learned in response to previous requests submitted between 1996 and

2021 with all six agencies managing federal natural resources, and USFS is the only federal agency that has failed to respond to these requests for two years running. This complaint seeks to end years of non-compliance with FOIA by USFS.

3. To date, Defendant has failed to make a final determination on either of Plaintiff's FOIA requests or to disclose to the Plaintiff all of the requested documents within the time stipulated under FOIA or provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9.   Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

10.  Defendant USFS is a sub-agency of the USDA and an agency of the United States under 5 U.S.C. § 552(f)(1).

11.  Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the requests' submission June 3, 2021, is a violation of FOIA.

## STATEMENT OF FACTS

### *Violence Against Employee Tracking*

12. Since 1995, PEER has maintained the nation's only database on violence against resource employees (https://www.peer.org/areas-of-work/protecting-public-employees/violence-against-employees/). As a part of this ongoing project, PEER requests annual violence figures from the Bureau of Land Management, Fish and Wildlife Service, National Parks Service, U.S. Parks Police, National Oceanic and Atmospheric Administration, and USFS. PEER then published the information to

its website, and this information guides PEER's efforts pushing for policies that protect the safety of government workers.

*2020 Request*

13. On April 23, 2020, PEER submitted a FOIA request to USFS seeking a "summary of all incidents of violence, threats, or harassment against **Forest Service employees** that occurred in **calendar year 2019**."

14. The same day it was submitted, USFS assigned this FOIA request tracking number 2020-FS-WO-00105-FP.

15. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on 2020-FS-WO-00105-FP.

*2021 Request*

16. On June 3, 2021, PEER submitted a FOIA request to USFS seeking a "summary of all incidents of violence, threats, or harassment against **Forest Service employees** that occurred in **calendar year 2020**." USFS assigned PEER's FOIA request the tracking number 2021-FS-WO-04098-F in a confirmation email it delivered to PEER the same week.

17. On June 8, 2021, PEER reached out to USFS's FOIA staff to confirm that 2021-FS-WO-04098-F was "basically identical" to 2020-FS-WO-00105-FP the year prior, as well as to many FOIA requests PEER had submitted in previous years for the same data. PEER requested more information on both requests and offered to provide any additional information to aid the FOIA staff in their task.

18. On June 14, 2021, USFS FOIA staff responded by saying that they could not provide an estimated date of completion, that there were many other requests

ahead of this one in the queue, and that staff guaranteed that it would be accomplished as soon as possible if the records were not voluminous.

19. On October 18, 2021, PEER again contacted USFS FOIA staff to request information on when documents would be produced and later that same day staff responded that: "There are 23 cases ahead of 2020-FS-WO-00105-FP . . . . There are 43 cases ahead of 2021-FS-WO-04098-F." According to staff, neither request has commenced processing yet. Staff did not provide any estimate for when the agency would make a final determination on either request or produce the records.

20. To date, PEER has received no documents in response to its FOIA requests and USFS has yet to make a final determination on either of PEER's FOIA requests.

<u>CAUSE OF ACTION</u>

21. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

22. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

23. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in

"unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

24. Twenty working days from June 3, 2021, (the date PEER submitted its most recent FOIA request) was July 2, 2021. The applicable time limit for PEER's earlier FOIA request, in April 2020, expired over a year earlier.

25. As of the date of this filing, Plaintiff has not received a final determination on either of its two FOIA requests.

26. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its June 2021 and April 2020 FOIA requests, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

27. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the USFS's actions and policies concerning violence and threats of violence against its employees.

28. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

29. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on October 22, 2021,

s/ *Hudson Kingston*
Hudson B. Kingston, DC Bar # 1007702

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*